UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    Plaintiff,<br><br>    v.<br><br>2 WISEMAN ENTERPRISES, LLC, d/b/a DUCKEES DRIVE THRU,<br>Serve at:<br>330 W. 47th Street, Ste. 250<br>Kansas City, MO 64112<br><br>    Defendant. | Civil Action No.<br><br>The Honorable<br><br>Jury Trial Demanded |

## COMPLAINT

COMES NOW, Plaintiff, Buc-ee's, Ltd. ("Buc-ee's"), by and through its attorneys of record, C. Bradley Tuck, Evans & Dixon, LLC, and Joseph J. Berghammer and Janice V. Mitrius, Banner & Witcoff, Ltd. (pro hac vice admission forthcoming), and for its Complaint against Defendant 2 Wiseman Enterprises, LLC d/b/a Duckees Drive Thru ("Duckees"), states as follows:

## PARTIES

1. Plaintiff Buc-ee's, Ltd. is a Texas limited partnership with its principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

2. Defendant 2 Wiseman Enterprises, LLC d/b/a Duckees Drive Thru ("Duckees"), is a corporation organized under the laws of the State of Missouri with a principal place of business at 330 W. 47th Street, Suite 250, Kansas City, Missouri, 64112-1659. The registered agent for Duckees is Registered Agent Services, Inc. at 330 W. 47th Street, Suite 250, Kansas City,

1

Missouri, 64112-1659. Upon information and belief, Duckees owns and operates a retail store at 12042 State Highway 13, Kimberling City, Missouri, 65686-9845.

## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement and trademark dilution.

4. This complaint arises under Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act").

5. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Duckees because, *inter alia*, Duckees is a Missouri company with a principal place of business in Missouri and in this District. This Court also has personal jurisdiction over Duckees because, *inter alia*, Duckees is purposefully and intentionally availing itself of the privileges of doing business in the State of Missouri, including in this District. Among other things, Duckees has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import infringing products to customers and/or potential customers, including in this District, and Duckees' unlawful acts that give rise to this lawsuit and harm to Buc-ee's has occurred and is occurring in the State of Missouri, including in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(d).

## GENERAL ALLEGATIONS – BACKGROUND

8. Over the last four decades, Buc-ee's has offered quality convenience store services and merchandise to the public under the Buc-ee's brand and Buc-ee's logo. As a result of such use, Buc-ee's has become widely known across the United States and Buc-ee's brand and logo have become famous.

2

9. Buc-ee's has established its footprint across the United States, with fifty branded stores in nine states (Missouri, Texas, Alabama, Florida, Georgia, South Carolina, Tennessee, Kentucky, and Colorado), including in Springfield, Missouri. Buc-ee's prides itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock."$^{SM}$ Buc-ee's original iconic trademarks have been in continuous service since at least 1982.

### A. The Buc-ee's Trademarks

10. On May 29, 2007 and August 2, 2011, Buc-ee's registered the Buc-ee's logo ("BUC-EE'S Logo") with the United States Patent and Trademark Office under Registration Numbers 3,246,893 and 4,007,064, respectively. On March 23, 2010 and August 2, 2011, Buc-ee's registered the word BUC-EE'S ("BUC-EE'S Word Trademark") with the United States Patent and Trademark Office under Registration Numbers 3,763,277 and 4,007,063, respectively.

11. Registration Number 3,246,893 ("the '893 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes retail store services featuring convenience store items.

12. Registration Number 4,007,064 ("the '064 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 28-31 (toys and sporting goods, meats and processed foods, staple foods, and natural agricultural products) and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, insulated mugs, and portable beverage coolers sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), foods sold in retail convenience stores, (*e.g.*, nut-based snack foods, trail mixes, nuts, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts,

3

salsa, trail mixes comprised primarily of crackers, pretzels, and/or popcorn) and retail store services for similar goods.

13. Registration Number 3,763,277 ("the '277 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes retail store services featuring convenience store items.

14. Registration Number 4,007,063 ("the '063 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 29-31 (meats and processed foods, staple foods, and natural agricultural products) and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, insulated mugs, and portable beverage coolers sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), foods sold in retail convenience stores, (*e.g.*, nut-based snack foods, trail mixes, nuts, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts, salsa, trail mixes comprised primarily of crackers, pretzels, and/or popcorn) and retail store services for similar goods.

15. The '893 Registration, the '064 Registration, the '277 Registration, and the '063 Registration and the accompanying Buc-ee's trademarks are identified below.

| Registration No. | Trademark | Exhibit |
|---|---|---|
| U.S. 3,246,893 | [Buc-ee's beaver logo] | A |

| U.S. 4,007,064 | (logo) | B |
|---|---|---|
| U.S. 3,763,277 | BUC-EE'S | C |
| U.S. 4,007,063 | BUC-EE'S | D |

16. Additionally, the '893 Registration, the '064 Registration, the '277 Registration, and the '063 Registration are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of Buc-ee's exclusive rights to use these trademarks in commerce pursuant to 15 U.S.C. § 1115(b). Buc-ee's rights in the BUC-EE'S Logo and the BUC-EE'S Word Trademark including the '893 Registration, the '064 Registration, the '277 Registration, and the '063 Registration, are collectively referred to as "BUC-EE'S Trademarks." The goods and services identified in the BUC-EE'S Trademarks are collectively referred to as the BUC-EE'S Goods and Services.

17. Buc-ee's uses its federally registered BUC-EE'S Logo and BUC-EE'S Word Trademark in each of its fifty stores, including its store locate at 3284 N Beaver Road, Springfield, Missouri 65803.

18. As a result of, *inter alia*, Buc-ee's exclusive, continuous, and substantial use of BUC-EE'S Trademarks, Buc-ee's exclusive, continuous, and substantial advertising and promoting of BUC-EE'S Goods and Services bearing BUC-EE'S Trademarks, and the publicity and attention that has been paid to BUC-EE'S Trademarks, these trademarks have become famous in the United States and have acquired valuable goodwill and substantial secondary meaning

5

in the marketplace, as consumers have come to uniquely associate BUC-EE'S Trademarks as source identifiers of Buc-ee's.

### B. Duckees' Unlawful Actions

19. Duckees has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products and services in a manner that violates Buc-ee's rights protected by BUC-EE'S Trademarks. Duckees' actions have all been without the authorization of Buc-ee's.

20. Duckees uses the mark "DUCKEES" ("the DUCKEES' Word Trademark") with at least clothing, hats, koozies, and retail store services featuring convenience store items. Duckees' actions have been without the authorization of Buc-ee's, and in violation of Buc-ee's rights, protected by BUC-EE'S Trademarks.

21. Duckees uses a logo of an anthropomorphic and cartoon representation of a smiling animal in a circle with a yellow background (the "DUCKEES' Logo") with at least clothing, hats koozies, and retail store services featuring convenience store items. Duckees' actions have been without the authorization of Buc-ee's, and in violation of Buc-ee's rights protected by BUC-EE'S Trademarks. Below is a copy of the DUCKEES' Logo:



6

22. Duckees' anthropomorphic and cartoon representation of an animal as shown above copies the most important aspects of the iconic BUC-EE'S Logo. Specifically, the DUCKEES' Logo copies BUC-EE'S Logo's use of a friendly smiling cartoon animal similarly oriented within a circle and a yellow background. DUCKEES' Logo also copied the BUC-EE'S Logo with the use of a black circle encompassing the duck (compare to the black circle around the beaver), prominent use of sharply drawn black edges for the duck mascot (compare to the sharp black edges defining the beaver), and similar use of a yellow background (compare to the yellow surrounding the beaver). The DUCKEES' Word Trademark DUCKEES copies the most important aspects of BUC-EE'S Word Trademark. The DUCKEES' Word Trademark DUCKEES, among other things, is nearly identical both orally and visually to the BUC-EE'S Word Trademark BUC-EE'S.

23. In addition, Duckees has intentionally packaged and promoted clothing, koozies, food products, and other products in a manner that results in confusion to consumers and further infringes upon the BUC-EE'S Trademarks, including with goods specifically covered by one or more of Buc-ee's federal registrations.

24. Examples illustrating Duckees' use of the infringing and diluting DUCKEES' Word Trademark and the infringing and diluting DUCKEES' Logo are shown below.







25. Example images of products offered for sale by Buc-ee's bearing the BUC-EE'S Logo are shown below.



9



26. Duckees' unlawful activities related to its use of the infringing DUCKEES' Word Trademark and DUCKEES' Logo, is likely to cause confusion or to cause mistake or to deceive, including but not limited to, as to the origin, connection or approval of Duckees and its goods and services, on the one hand, and Buc-ee's and the BUC-EE'S Goods and Services on the other hand.

27. Buc-ee's federally registered and used BUC-EE'S Trademarks extensively and continuously before Duckees began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its goods in connection with the infringing and diluting DUCKEES' Word Trademark and DUCKEES' Logo. Moreover, BUC-EE'S Trademarks became famous and acquired secondary meaning in the United States before Duckees commenced its unlawful use of the infringing and diluting DUCKEES' Word Trademark and DUCKEES' Logo.

28. Duckees' intentional and unauthorized actions further constitute infringement and dilution of the BUC-EE'S Trademarks in violation of federal law.

### C. Injury to Buc-ee's

29. Duckees' unauthorized use of the DUCKEES' Word Trademark and DUCKEES' Logo, which are confusingly similar to the BUC-EE'S Trademarks, will allow Duckees to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in the BUC-EE'S Trademarks, and further will allow Duckees to gain acceptance for their retail store services and products based not on their own merits, but on an association with the reputation and goodwill of Buc-ee's.

30. Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo, which are similar to the BUC-EE'S Trademarks, falsely indicates to the purchasing public that Duckees and/or their retail store services and products are in some manner connected with, sponsored by, affiliated with, or related to Buc-ee's and BUC-EE'S Goods and Services.

31. Use by Duckees of the DUCKEES' Word Trademark and DUCKEES' Logo, which are confusingly similar to the BUC-EE'S Trademarks, places the valuable reputation and goodwill of Buc-ee's in the hands of Duckees, over whom Buc-ee's has no control.

32. Duckees' activities are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's.

33. The BUC-EE'S Trademarks are famous and are entitled to protection under federal law. Buc-ee's has extensively and continuously promoted and used the BUC-EE'S Trademarks for years nationwide. Through that extensive and continuous use, the BUC-EE'S Trademarks have become famous and well-known indicators of the origin and quality of Buc-ee's products and services in the United States, and the BUC-EE'S Trademarks are widely recognized by the public throughout the nation as a designation of source. The BUC-EE'S Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, the BUC-EE'S Trademarks became famous and acquired this secondary meaning before Duckees' commenced their use of the DUCKEES' Word Trademark and DUCKEES' Logo.

34. This action is being brought to prevent any further infringement and dilution of Buc-ee's intellectual property rights under federal law and to compensate Buc-ee's for the harm caused by Duckees' willful actions.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1114(1)

35. Buc-ee's incorporates the allegations set forth in paragraphs 1 – 34, as though fully set forth herein.

36. Based on the activities described above, Duckees has infringed and continues to infringe Buc-ee's federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo is likely to cause confusion, or to cause mistake, or to deceive. Moreover, the '893 Registration, the '064

Registration, the '277 Registration, and the '063 Registration predate Duckees' unlawful use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods.

37. Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods, services and commercial activities has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with BUC-EE'S Trademarks, BUC-EE'S Goods and Services, and Buc-ee's.

38. On information and belief, Duckees is using the DUCKEES' Word Trademark and DUCKEES' Logo with full knowledge of Buc-ee's rights, and in bad faith and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill. In view of the willful nature of Duckees' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

39. Because of Duckees' infringement, Buc-ee's has been injured and damaged, and is entitled to injunctive relief, and Buc-ee's is entitled to recover actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

### COUNT II – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1125(a)

40. Buc-ee's incorporates the allegations set forth in paragraphs 1 – 39, as though full set forth herein.

41. The acts of Duckees complained of above constitute a false designation of origin and false and misleading representation in commerce in violation of 15 U.S.C. § 1125(a). Duckees' use of trademarks confusingly similar to the BUC-EE'S Trademarks is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Duckees with Buc-

ee's and as to the origin, sponsorship, and/or approval of any Duckees' goods, services or commercial activities at least by creating the false and misleading impression that any Duckees' goods are manufactured by, authorized by, or otherwise connected with Buc-ee's.

42. BUC-EE'S Trademarks are entitled to protection under the Lanham Act. BUC-EE'S Trademarks are inherently distinctive. Buc-ee's has extensively and continuously promoted and used the BUC-EE'S Trademarks with the BUC-EE'S Goods and Services in the United States. Through that extensive and continuous use, BUC-EE'S Trademarks have become well-known indicators of the origin and quality of BUC-EE'S Goods and Services. BUC-EE'S Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, BUC-EE'S Trademarks acquired this secondary meaning before Duckees commenced its unlawful use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods and services. Moreover, the '893 Registration, the '064 Registration, the '277 Registration, and the '063 Registration predate Duckees' unlawful use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods.

43. Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods and services has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with BUC-EE'S Trademarks, BUC-EE'S Goods and Services, and Buc-ee's.

44. On information and belief, Duckees is using the DUCKEES' Word Trademark and DUCKEES' Logo with full knowledge of Buc-ee's rights, and in bad faith and with willful, malicious and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and

14

goodwill. In view of the willful nature of Duckees' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

45. Because of Duckees' infringement, Buc-ee's has been injured and damaged, and is entitled to injunctive relief, and Buc-ee's is entitled to recover actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**COUNT III – TRADEMARK DILUTION UNDER § 43(c) OF THE LANHAM ACT, 15 U.S.C. § 1125(c)**

46. Buc-ee's incorporates the allegations set forth in paragraphs 1 – 45, as though fully set forth herein.

47. Based on the activities described above, Duckees is likely to dilute, has diluted, and continues to dilute the famous BUC-EE'S Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo is likely to cause, and has caused, dilution of the famous BUC-EE'S Trademarks at least by eroding the public's exclusive identification of the famous BUC-EE'S Trademarks with Buc-ee's, by lessening the capacity of the famous BUC-EE'S Trademarks to identify and distinguish Buc-ee's products and services, and by impairing the distinctiveness of the famous BUC-EE'S Trademarks.

48. BUC-EE'S Trademarks are famous and are entitled to protection under the Lanham Act. BUC-EE'S Trademarks are inherently distinctive. BUC-EE'S Trademarks also have acquired distinctiveness through Buc-ee's extensive and continuous promotion and use of BUC-EE'S Trademarks in the United States. Through that extensive and continuous use, BUC-EE'S Trademarks have become famous, well-known indicators of the origin and quality of Buc-ee's products and services throughout the United States, and are widely recognized by the general consuming public as a designation of the source of Buc-ee's and Buc-ee's products and

services. BUC-EE'S Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, BUC-EE'S Trademarks became famous and acquired this secondary meaning before Duckees commenced its unlawful use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods and services.

49. Duckees' use of the DUCKEES' Word Trademark and DUCKEES' Logo in connection with its goods and services has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with BUC-EE'S Trademarks, Buc-ee's products, and Buc-ee's.

50. On information and belief, Duckees is using the DUCKEES' Word Trademark and DUCKEES' Logo with full knowledge of Buc-ee's rights, and in bad faith and with willful, malicious and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill.

51. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least any profits by Duckees, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## DEMAND FOR JURY TRIAL

52. Buc-ee's hereby requests a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, Buc-ee's, Ltd., prays that this Court:

(a) Enter Judgment that Duckees has (i) infringed Buc-ee's registered trademarks in violation of § 1114 of Title 15 in the United States Code; (ii) infringed Buc-ee's registered trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted Buc-ee's trademarks in violation of § 1125(c) of Title 15 in the United States Code; and that all

of these wrongful activities by Duckees were willful;

(b) Enter an injunction against further infringement and dilution of Buc-ee's trademarks by Duckees, and each of its agents, employees, servants, attorneys, successors and assigns, licensees, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising products using the DUCKEES' Word Trademark or DUCKEES' Logo or otherwise in violation of Buc-ee's trademarks, or any colorable imitation of Buc-ee's trademarks, pursuant to at least 15 U.S.C. § 1116;

(c) An Order directing the destruction of all infringing products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, including on the Internet, in the possession, custody, or control, of Duckees, bearing the DUCKEES' Word Trademark or DUCKEES' Logo pursuant to at least 15 U.S.C. § 1118;

(d) An award of any profits by Duckees, Buc-ee's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117; and

(e) Such other and further relief as this Court deems just and proper.

Dated: November 15, 2024

Respectfully submitted,

**EVANS & DIXON, LLC**

_/s/C. Bradley Tuck_
C. Bradley Tuck, Mo. Bar No. 35505
4905 S. National Ave., Building B
Springfield, Missouri 65810
Phone: (417) 882-4700
Facsimile: (417) 882-4927
Email: btuck@evans-dixon.com

**BANNER & WITCOFF, LTD.**
Joseph J. Berghammer (_pro hac vice_)
Illinois Bar No. 6273690
Janice V. Mitrius (_pro hac vice_)
Illinois Bar No. 6243513
71 South Wacker Drive
Suite 3600
Chicago, IL 60606-7407
(312) 463-5000
(312) 463-5001 fax
jberghammer@bannerwitcoff.com
jmitrius@bannerwitcoff.com
_Pro hac vice admission forthcoming_
**ATTORNEYS FOR PLAINTIFF
BUC-EE'S, LTD.**