UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BUC-EE'S, LTD.,

    Plaintiff,

v.

2 WISEMAN ENTERPRISES, LLC, d/b/a
DUCKEES DRIVE THRU.

    Defendant.

Case No. 3:24-cv-05088-RK

## DEFENDANT 2 WISEMAN ENTERPRISES, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant 2 Wiseman Enterprises, LLC, *d/b/a* Duckees Drive Thru, by and through its undersigned counsel of record, states as follows for its Answer and Affirmative Defenses:

### PARTIES

1.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and so denies the same.

2.    Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

3.    Defendant admits the allegations of Paragraph 3 of Plaintiff's Complaint but denies Plaintiff has stated any such claim or is entitled to relief.

4.    Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    In response to Paragraph 7 of Plaintiff's Complaint, Defendant does not object to the jurisdiction of this Court. Defendant denies all remaining allegations contained in Paragraph 5

4931-9499-8804

of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant does not object to the jurisdiction of this Court. Defendant denies all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant does not object to venue in this District. Defendant denies all remaining allegations, if any, contained in Paragraph 7 of Plaintiff's Complaint.

## **GENERAL ALLEGATIONS – BACKGROUND**

8. Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's Complaint and so denies the same.

9. Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint and so denies the same.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that Paragraph 10 references legal documents that speaks for themselves and denies all allegations inconsistent therewith.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant states that Paragraph 11 references a legal document that speaks for itself and denies all allegations inconsistent therewith.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant states that Paragraph 12 references a legal document that speaks for itself and denies all allegations inconsistent therewith.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant states that Paragraph 13 references a legal document that speaks for itself and denies all allegations

inconsistent therewith.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant states that Paragraph 14 references a legal document that speaks for itself and denies all allegations inconsistent therewith.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant states that Paragraph 15 references legal documents that speaks for themselves and denies all allegations inconsistent therewith.

16. Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiff's Complaint and so denies the same.

18. Paragraph 18 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits using the mark "DUCKEES DRIVE THRU" on various merchandise. Defendant denies the remaining allegations, if any, contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that a copy of its logo appears in Paragraph 21 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

4931-9499-8804

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that Paragraph 24 includes photographs of its merchandise. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and so denies the same.

26. Paragraph 26 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's

4931-9499-8804

Complaint.

33. Paragraph 33 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## **COUNT I – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1141(1)**

35. Defendant incorporates its preceding answers by reference as though fully set forth herein.

36. Paragraph 36 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## **COUNT II – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1125(a)**

40. Defendant incorporates its preceding answers by reference as though fully set forth herein.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's

4931-9499-8804

Complaint.

42. Paragraph 42 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## COUNT III – TRADEMARK DILUTION UNDER § 43(c) OF THE LANHAM ACT, 15 U.S.C. § 1125(c)

46. Defendant incorporates its preceding answers by reference as though fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Paragraph 48 of Plaintiff's Complaint states legal conclusions to which no response is required; but to the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's

4931-9499-8804

Complaint.

## DEMAND FOR JURY TRIAL

52. Defendant denies the allegations, if any, contained in Paragraph 52 of Plaintiff's Complaint, including all allegations, if any, contained in the following Prayer for Relief and WHEREFORE paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

A. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

B. Plaintiff's Complaint is barred by waiver.

C. Plaintiff's Complaint is barred because any allegedly infringing use by Defendant was in a "limited area" pursuant to Missouri law and 15 U.S.C. § 1115(b)(5).

D. Plaintiff's Complaint is barred by equitable principles pursuant to 15 U.S.C. § 1115(b)(9), including laches, estoppel, acquiescence, and unclean hands.

E. Plaintiff's Complaint is barred by the "prior use doctrine." Any allegedly infringing use by Defendant was done in good faith without knowledge of Plaintiff's marks. Defendant's marks also are used in a geographically remote area where Plaintiff's marks were not generally known to consumers.

F. Plaintiff's Complaint is barred pursuant to 15 U.S.C. § 1115(b)(7). Plaintiff is using its marks and this litigation to violate the antitrust laws of the United States and Missouri (*see* Mo. Stat. § 416.031) and unfairly restrict trade.

G. Defendant hereby gives notice that it intends to rely upon affirmative defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to seek leave to amend its Answer to assert any such defenses.

**WHEREFORE**, having fully answered, Defendant prays that all counts of Plaintiff's

Page **7** of **8**
4931-9499-8804

Complaint against Defendant be dismissed, that judgment be entered in Defendant's favor, that Defendant be awarded its costs incurred herein, and for such further relief as the Court deems just and proper.

Dated: February 3, 2025. Respectfully submitted,

*/s/ Anna M. Berman*
Anna M. Berman   MO #61637
Bryan P. Stanley   MO #52388
KUTAK ROCK LLP
2405 Grand Boulevard, Suite 600
Kansas City, MO 64108
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Anna.Berman@kutakrock.com
Bryan.Stanley@kutakrock.com

and

D. Dean Kirk II   MO #71551
KUTAK ROCK LLP
300 S. John Q. Hammons Parkway, Suite 800
Springfield, MO 65806
(417) 720-1410 (Telephone)
(417) 720-1411 (Facsimile)
Dean.Kirk@kutakrock.com
**ATTORNEYS FOR DEFENDANT**
**2 WISEMAN ENTERPRISES, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2025, a copy of the above and foregoing was served electronically through the Court's electronic filing system on all counsel of record.

*/s/ Anna M. Berman*
Attorney for Defendant